UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLAS IP LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC CO.,<br><br>        Defendant. | Case No. 15-cv-05469-EDL<br><br>**ORDER DISMISSING CASE; JUDGMENT** |

Plaintiff Atlas IP LLC filed this patent infringement action against Pacific Gas and Electric Company ("PG&E") on November 30, 2015. PG&E moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim. The Court held oral argument, ordered the parties to submit a supplemental joint letter addressing the issues raised during oral argument, and then dismissed the complaint with leave to amend. Plaintiff timely filed a first amended complaint ("FAC") on March 17, 2016. Defendant moved to dismiss the FAC and the Court held oral argument on the second motion to dismiss on May 10, 2016. Before the Court issued its ruling on the motion, on May 17 Defendant submitted a Northern District of Illinois decision issued that day dismissing with prejudice a complaint brought by Plaintiff against Commonwealth Edison Co. virtually identical to the one before this Court (the "ComEd Decision"). See Dkt. No. 38. PG&E argued that the ComEd Decision collaterally estops Atlas from re-litigating the same issues before this Court. Id. The Court set a briefing schedule on the limited issue of collateral estoppel and both parties submitted supplemental briefs. Dkt. Nos. 39, 43, 44.

The Federal Circuit "applies the law of the circuit in which the district court sits" to assess collateral estoppel, and therefore Ninth Circuit law applies to the issue. See Bayer AG v. Biovail Corp., 279 F.3d 1340, 1345 (Fed. Cir. 2002).  In the Ninth Circuit, collateral estoppel bars relitigation of issues adjudicated in a prior proceeding when: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006) (citation omitted). "Collateral estoppel may be used defensively against a plaintiff when the plaintiff had a 'full and fair chance' to litigate the same issue against a different defendant." Roderick v. Mazzetti & Assoc., Inc., No. C 04-2436 MHP, 2006 WL 1883328, *4 (N.D. Cal. July 7, 2006) (quoting Blonder-Tongue Lab., Inc. v. Univ. Ill. Found., 402 U.S. 313, 333, 334-38 (1971). The pendency of an appeal does not prevent a court from applying collateral estoppel. See Cygnus Telecommunications Tech., LLC v. Am. Int'l Telephonics, LLC, 569 F. Supp. 2d 1035, 1038 (N.D. Cal. 2008).

All of the required elements of collateral estoppel have been met because: (1) the complaints at issue and briefing on the motions to dismiss are identical in this case and the Illinois case against ComEd (except for the name of the Defendant) and it is the same patent claim and accused technology at issue in both cases; (2) the ComEd Decision dismissed the complaint with prejudice and is therefore a final judgment on the merits; (3) and Atlas is the plaintiff in both proceedings.  Plaintiff points out that it intends to appeal the ComEd Decision and reserves its right to request vacatur of any collateral estoppel-based judgment entered by this Court, but does not dispute that collateral estoppel currently applies.

This case is dismissed and judgment is entered in favor of Defendant on the basis of collateral estoppel.  If the ComEd Decision is later vacated or reversed on appeal, Atlas can move to vacate the judgment of this Court at that time. See Collins v. D.R. Horton, Inc., 505 F.3d 874, 882-83 (9th Cir. 2007) ("In the context of district court litigation, this potential problem [of collateral estoppel-based judgment based on a judgment that is later vacated or reversed on appeal] can be 'avoided, whether by delaying further proceedings in the second action pending conclusion

1  of the appeal in the first action, by a protective appeal in the second action that is held open
2  pending determination of the appeal in the first action, or by a direct action to vacate the second
3  judgment.").

**IT IS SO ORDERED.**

Dated:  June 8, 2016


ELIZABETH D. LAPORTE
United States Magistrate Judge